```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

JACK E. SUPRENANT, JR.,    )
                           )
Petitioner,                )
                           )
vs.                        )    CAUSE NO. 3:11-CV-410
                           )
SUPERINTENDENT,            )
                           )
Respondent.                )

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody, filed by Petitioner, Jack E. Suprenant, Jr., a *pro se* prisoner, on October 19, 2011 (DE #1). For the reasons set forth below: (1) the petition is **STAYED**; (2) the Petitioner is **ORDERED** to file an amended habeas petition within 30 days of the conclusion of the state court proceedings; and (3) the Clerk is **DIRECTED** to statistically close this case.

BACKGROUND

Suprenant is serving a 60-year sentence for murder. (DE #1 at 1.) On direct appeal, the Indiana Court of Appeals set forth the following facts pertaining to Suprenant's conviction, which are presumed correct under 28 U.S.C. §2254(e)(1):

> Suprenant, Kerry Bruckman, and Bruckman's three children
> (two of which were fathered by Suprenant) lived together

> in Gary, Indiana. On September 16, 2006, after the couple had argued for several days, in part over Bruckman's involvement with a mutual friend, Bruckman stated her intention to leave Suprenant and began gathering her clothes. Suprenant tried to persuade Bruckman to stay; when his efforts failed, Suprenant stabbed Bruckman repeatedly. Bruckman's screams caused the children to run into their mother's bedroom, where they witnessed some of the attack. Suprenant chased the children back to their bedrooms and continued his attack on Bruckman. Ultimately, Suprenant inflicted sixty-one wounds (including forty-nine stab wounds) upon Bruckman and she died. Suprenant was tried before a jury on the charge of Murder. He was convicted and sentenced to sixty years imprisonment.

*Suprenant v. State*, 925 N.E.2d 1280, 1282 (Ind. Ct. App. 2010).

On direct appeal, Suprenant raised two arguments: the trial court erred in connection with the jury instructions and his sentence was excessive. *Id.* at 1282-85. The Indiana Court of Appeals affirmed. *Id.* The Indiana Supreme Court denied his petition to transfer on July 15, 2010. *Id.* at 1280. He did not seek review in the U.S. Supreme Court. (DE #2 at 2.)

Suprenant tendered his federal petition to prison officials for mailing on October 12, 2011. (DE #1 at 5.) He raises two claims: (1) the trial court violated his due process rights in connection with the jury instructions; and (2) his trial counsel was ineffective. (*Id.* at 3.) Along with the petition, he filed a motion for a stay and abeyance. (DE #2.) He acknowledges that he has not yet exhausted his state court remedies and that he has a post-conviction petition pending in Lake County Superior Court. (*Id.*) However, he seeks a stay so that he will not forfeit his

right to seek federal habeas relief after the state proceedings have concluded. (DE #2.) The Respondent was ordered to file a response to the motion (DE #3), and argues that a stay is not warranted in this case. (DE #5.)

DISCUSSION

Suprenant's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the Court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings.

3

*Lewis*, 390 F.3d at 1025-26 (internal citations and quote marks omitted).

Here, it is apparent that Suprenant has not yet exhausted his state court remedies. Until he does so, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026. The Court has discretion to stay a petition containing unexhausted claims when the petitioner would be time-barred if he were to return to federal court, such that a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); *see also Rhines v. Weber*, 544 U.S. 269 (2005). The Court should consider whether a stay is appropriate even in the absence of a specific request from the petitioner.[1] *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Here, a review of the record reveals that Suprenant would be time-barred if he were to return to federal court at a later date. The Indiana Supreme Court denied Suprenant's petition to transfer on July 15, 2010, and his conviction became final when the time for seeking review in the U.S. Supreme Court expired on October 13,

---

[1] The respondent argues without analysis or citation to case law that the stay and abeyance procedure set forth in *Rhines* is wholly inapplicable because Suprenant's petition is not "mixed," but instead contains two unexhausted claims. (*See* DE # 5 at 3.) However, in another case involving a petition containing only unexhausted claims, the Seventh Circuit remanded for the district court to consider whether a stay was warranted. *See Dolis*, 454 F.3d at 724-25. As this Court reads the applicable case law, the Court is to consider granting a stay whenever a dismissal would effectively preclude the petitioner from seeking federal habeas relief in connection with an unexhausted claim.

4

2010. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009.) Suprenant had one year from that date to file a federal petition, absent any period of tolling.[2] 28 U.S.C. § 2244(d)(1)(A).

Suprenant tendered his federal petition to prison officials for mailing on October 12, 2011, one day before the deadline. (DE #1 at 5.) The filing of the petition did not itself stop the clock, and so as of this date the federal deadline has run. *Rhines*, 544 U.S. at 274-75 ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations[.]"). Thus, Suprenant would be time-barred if he were to return to federal court in the future, which weighs in favor of staying rather than dismissing the petition.

The Court must next consider whether there was "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Suprenant asserts that due to his attorney's negligence, and despite the repeated efforts of himself and his family members to

---

[2] Suprenant states that he "mailed off" his state post-conviction petition on October 12, 2011. (DE # 1 at 1.) A properly filed state petition for collateral review will toll the statute of limitations under 28 U.S.C. § 2244(d)(2). However, under Indiana law, a document is not deemed "filed" in the trial court until the date it is received by the clerk; Indiana's prison mailbox rule is far more limited than its federal counterpart, and applies only if a document was sent by certified or registered mail. *Dowell v. State*, 922 N.E.2d 605, 609 (Ind. 2010). There is no indication that Suprenant used anything other than regular first-class mail to send his post-conviction petition. As such, his petition was not "filed" for purposes of 28 U.S.C. § 2244(d)(2) until the date it was received by the clerk, presumably several days after mailing and after the federal deadline had run.

5

find out the status of his case, he did not become aware that the Indiana Supreme Court had denied his petition to transfer until shortly before the October 2011 deadline. (DE #2.) Concerned about missing the deadline, he took immediate steps to seek state post-conviction review and to preserve his right to seek federal habeas relief. (*See id.*) Based on these circumstances, the Court finds that Suprenant satisfies the good cause requirement. *See Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011) (finding good cause for a stay where there was no evidence that the petitioner had engaged in dilatory tactics); *see also Holland v. Florida*, 560 U.S.\_\_, 130 S. Ct. 2549, 2563 (2010) (attorney's error in failing to respond to petitioner's inquiries and to advise him that the state supreme court had decided his case provided grounds for equitable tolling of federal deadline).

The remaining inquiry is whether Suprenant's claims have some possible merit. *See Rhines*, 544 U.S. at 277-78. This is a low standard, and as long as the claims are not "plainly meritless" a stay is the "preferred course of action." *Tucker*, 538 F.3d at 735. Suprenant's first claim is that the trial court violated his due process rights in connection with the jury instructions. (DE # 1 at 3.) The Respondent argues that this claim is plainly meritless because it is procedurally defaulted. (DE # 4.) As the Respondent points out, Suprenant raised a claim based on the jury instructions on direct appeal, but his argument was that the trial court erred

under state law in connection with the jury instructions. *Suprenant*, 925 N.E.2d at 1282-83. Raising a claim based on state law would not satisfy the exhaustion requirement with respect to a federal due process claim. *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (to properly exhaust the petitioner must alert the state court to the "federal nature" of his claim). Nevertheless, the Court does not have the full trial record, or any documents filed in the post-conviction proceeding and it is not clear that Suprenant is not or could not pursue a due process claim on post-conviction review. In that case, the claim would be procedurally defaulted only if the state court chooses to rely on an adequate and independent state procedural ground to deny the claim. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). The Court thus finds the state's procedural default argument premature.

A claim that the jury instructions violated due process principles is an otherwise cognizable constitutional claim. *See Middleton v. McNeil*, 541 U.S. 433 (2004) (deciding federal due process claim based on jury instructions that failed to instruct on an "imperfect self defense" that would reduce crime of murder to voluntary manslaughter). It is also apparent from the opinion on direct appeal that Suprenant claimed during trial that he acted under "sudden heat" due to the fact that Bruckman had admitted to an affair with a mutual friend. *See Suprenant*, 925 N.E.2d at 1282-85. Based on the present record, the Court cannot conclude that

the due process claim is plainly meritless.

Suprenant's remaining claim is that his trial counsel was ineffective. (DE #1 at 3.) Although the petition is not a model of clarity, he claims in essence that his attorney's inaction and/or inadequate advice caused him to suffer a speedy trial violation. (*Id.*) The state argues that such a claim is plainly meritless because Suprenant waived his speedy trial rights. (*See* DE #5 at 5.) However, the Court has nothing other than a docket sheet to explain what transpired in connection with Suprenant's waiver of his speedy trial rights. (*See* DE # 5-1.) He has only just began to litigate his ineffective assistance claim, and if he can develop facts showing that his attorney misadvised him in connection with the waiver, or that he did not otherwise intentionally relinquish this right due to an error by his attorney, he may have a cognizable constitutional claim. *See Barker v. Wingo*, 407 U.S. 514 (1972) (describing speedy trial rights and observing that courts must "indulge every reasonable presumption" against waiver of this right); *see also Canaan v. McBride*, 395 F.3d 376 (7th Cir. 2005) (habeas petitioner established ineffective assistance based on counsel's failure to adequately advise him regarding his trial rights). The Court cannot conclude at this stage that the claim lacks any potential merit.

Because Suprenant's claims have some potential merit, the

"preferred course" is to stay the petition. *See Tucker*, 538 F.3d at 735.  Accordingly, the Court will stay the petition until the state proceedings are concluded.  In the interim, the case will be statistically closed.  Suprenant is reminded that he must exhaust his claims in one complete round of state review, including with the Indiana Supreme Court, before he can return to federal court. *Lewis*, 390 F.3d at 1025-26.  When the state proceedings conclude, he should notify the Court within 30 days that he is prepared to proceed by filing an amended petition indicating that his claims have now been exhausted.  Because the federal deadline has run, he cannot raise any new claims in his amended petition that do not "relate back" to the petition he filed before the expiration of the deadline.  *See* FED. R. CIV. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005).

CONCLUSION

For the reasons set forth above: (1) the petition is **STAYED**; (2) the Petitioner is **ORDERED** to file an amended petition within 30 days of the conclusion of the state court proceedings; and (3) the Clerk is **DIRECTED** to statistically close this case.

DATED: April 24, 2012                    /s/ RUDY LOZANO, Judge
                                         **United States District Court**