IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JACK E. SUPRENANT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-410 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, Jack E. Suprenant, Jr., on February 20, 2015. (DE # 12.) For the reasons set forth below, the Court: (1) **DENIES** the petition (DE 12); and (2) **DENIES** the petitioner a certificate of appealability.

BACKGROUND

Petitioner, Jack E. Suprenant, was convicted of murder and sentenced to a 60-year term of imprisonment in Lake County Superior Court under case number 45G03-0609-MR-10.[1] On direct appeal, the Indiana Court of Appeals set forth the facts regarding Suprenant's conviction as follows:

> Suprenant, Kerry Bruckman, and Bruckman's three children (two of which were father by Suprenant) lived together in

---

[1] In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Suprenant's burden to rebut this presumption of correctness with clear and convincing evidence. *Id.*

> Gary, Indiana. On September 16, 2006, after the couple had argued for several days, in part over Bruckman's involvement with a mutual friend, Bruckman stated her intention to leave Suprenant and began gathering her clothes. Suprenant tried to persuade Bruckman to stay; when his efforts failed, Suprenant stabbed Bruckman repeatedly. Bruckman's screams caused the children to run into their mother's bedroom, where they witnessed some of the attack. Suprenant chased the children back to their bedrooms and continued his attack on Bruckman. Ultimately, Suprenant inflicted sixty-one wounds (including forty-nine stab wounds) upon Bruckman and she died.
>
> Suprenant was tried before a jury on the charge of Murder. He was convicted and sentenced to sixty years imprisonment.

*Suprenant v. State*, 925 N.E.2d 1280, 1283 (Ind. Ct. App. 2010.

Suprenant appealed, claiming that the trial court abused its discretion in failing to instruct the jury on "sudden heat" and the lesser offense of voluntary manslaughter, and that his sentence was inappropriate. (DE 19-3.) The Indiana Court of Appeals affirmed his sentence and conviction. (DE 19-5.) Suprenant sought review by the Indiana Supreme Court, arguing only that the trial court abused its discretion by not instructing the jury on voluntary manslaughter as a lesser offense. (DE 19-6.) The Indiana Supreme Court denied transfer. (DE 19-2.)

Suprenant filed a petition for state post-conviction relief. (DE 19-1.) In his amended petition, he argued: (1) the trial court violated the state and federal constitutions by not instructing the jury on voluntary manslaughter; and (2) trial counsel was ineffective in relying on the trial court's voluntary manslaughter

instruction and not tendering his own instruction; and (3) appellate counsel was ineffective for failing to argue the trial court's failure to assert a constitutional violation for not instructing the jury on voluntary manslaughter or that his sentence was improper. (DE 19-7.) On March 18, 2014, the trial court denied Suprenant's petition. (DE 19-1.) Suprenant did not file a Notice of Appeal within the thirty day period to appeal. (DE 19-1.) On November 7, 2014, Suprenant sought permission to file a belated appeal, which the trial court denied. (*Id*.)

Suprenant filed his amended habeas petition here, claiming: (1) the trial court violated his Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution by not instructing the jury on voluntary manslaughter and sudden heat; and (2) appellate counsel was ineffective for improperly arguing that the failure of the trial court to instruct the jury on voluntary manslaughter was a due process violation and a violation of *Blakely v. Washington*, as it could have been argued as a mitigating sentencing factor. (DE 12.)

DISCUSSION

Suprenant's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the

3

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a threshold matter, the Respondent argues that both of Suprenant's claims are procedurally defaulted. Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review.

4

*Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

The record indicates that both of Suprenant's claims are procedurally defaulted. To start, Suprenant did not raise a federal constitutional claim to the state courts on direct appeal. (DE 19-3.) In fact, Suprenant concedes as much, asserting that appellate counsel was ineffective for failing to do so. (DE 12.) Suprenant is limited to the arguments he raised in state court, where he argued only that failure to give a lesser included offense jury instruction violated Indiana law.[2] Next, in state post-conviction

---

[2] Notably, for a federal claim to have been fairly presented, both the operative facts and controlling law must have been placed before the state court so that it is "sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *McDowell*

proceedings, Suprenant initially raised federal constitutional claims surrounding the jury instruction issue and appellate counsel's ineffectiveness. (DE 10-3.) However, Suprenant failed to timely pursue an appeal from trial court's denial of his post-conviction petition. (Ex. 19-1.) Thus, he did not perfect an appeal after his post-conviction petition was denied. (DE 19-1.) His failure to comply with this state procedural rule regarding timely filing an appeal provides an adequate and independent state ground that blocks federal review. *Coleman*, 501 U.S. at 735; *Szabo v. Walls*, 313 F.3d 392 (7th Cir. 2002). Additionally, Suprenant committed a second level of default when he did not seek review in the Indiana Supreme Court after his post-conviction proceeding was dismissed. *Boerckel*, 526 U.S. at 848; *see also* IND. APP. R. 57(b)(4) (transfer may be sought from an order dismissing an appeal). Therefore, Suprenant did not properly present his federal claims in one complete round of state review, and they cannot be reached on the merits unless he provides grounds for excusing his two levels of default.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*,

---

*v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (citation omitted). A review of Suprenant's appellate brief, and the law and arguments contained within, show that he did not invoke any federal claims based on jury instructions, did not rely on federal cases that applied such a constitutional analysis, nor did he otherwise call to mind such a federal claim. Because he did not present any federal claims to the Indiana courts, he can not pursue that argument here.

433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Here, Suprenant fails to assert any cause or resulting prejudice.

A habeas petitioner can also overcome a procedural default by establishing that the Court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror

7

would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. This is a difficult standard to meet, and such claims are "rarely successful." *Schlup*, 513 U.S. at 324. Suprenant does not claim any such fundamental miscarriage of justice would occur.

Because Suprenant does not show cause and prejudice for his failure to present these claims in one complete round of state review or that any fundamental miscarriage of justice would occur if the claims are not addressed, these claims are procedurally defaulted and cannot be reviewed on their merits.[3]

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Suprenant's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his default.

---

[3] Nevertheless, as the respondent points out, Suprenant's claims are without merit. (DE 19 at 10-19.)

Jurists of reason could not debate the outcome of the petition or find a reason to encourage Suprenant to proceed further. Accordingly, the court declines to issue Suprenant a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court: (1) **DENIES** the petition (DE 12); and (2) **DENIES** the petitioner a certificate of appealability.

DATED: March 29, 2016                    /s/RUDY LOZANO, Judge
                                                 United States District Court